ALLEN, *Administrator*, v. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant*.

**Verdict**: SEVERAL COUNTS. Where all the evidence offered on the trial of a cause relates to but one of the two counts of the petition, and upon which count a recovery is authorized, the verdict will be upheld although it does not specify the count upon which it was found.

*Appeal from Clay Circuit Court.*—HON. G. W. DUNN, Judge.

AFFIRMED.

*D. C. Allen* for appellant.

(1) The petition fails to state facts sufficient to constitute a cause of action. It nowhere alleges that the

plaintiff was in possession or entitled to the possession of the lands, and especially of the coal bed, but admits that he was not in possession of the road bed. If plaintiff was not in possession of the land where the rock was taken, he could not maintain this form of action—he could not sue in trespass. His remedy, if any, was by ejectment. *More v. Perry*, 61 Mo. 174; *McMenaney v. Cohick*, 1 Mo. App. 529; *Renshaw v. Lloyd*, 50 Mo. 368; *Rannels v. Rannels*, 52 Mo. 108; *Brown v. Carter*, 52 Mo. 46. It is true that in this case the respondent has, as appears from the petition, waived the tort, and sued for the value of the rock alleged to have been taken, but this will not avail. The principle is the same. The gist of the action of trespass is the injury to the possession, and the fact remains, notwithstanding a waiver of the tort. The petition failing to show whether or not the rock was taken from lands in the possession of plaintiff, which is a matter of essence, no cause of action at all is presented by it. For these reasons, appellant's demurrer to respondent's evidence should have been sustained. These objections to the petition were, and could have lawfully been taken advantage of by motion in arrest. *Langford et al. v. Sanger et al.*, 40 Mo. 160; *Petz v. Eichele*, 62 Mo. 171. It does not appear affirmatively from the petition that plaintiff was not barred. *Henoch et al. v. Chaney*, 61 Mo. 129. (2) The circuit court did not properly construe the deed from Joel Turnham and wife to Wm. H. Wymore *et al.*, dated February 11, 1856. (3) The failure of proof of the consolidation of the St. Louis, Kansas City & Northern Railway Company with the Toledo, Wabash & Western Railroad Company, was fatal to plaintiff's recovery. (4) Giros was barred by the statute of limitations. (5) He was also estopped to claim that he was the owner in fee by the record and judgment in cause of *Higbee, Administrator of Turnham, v. Giros*. (6) The evidence is conclusive that Giros made no objection to the construction of the railroad or the subsequent possession by the various companies

which have operated it. This being the case, plaintiff was barred and the court erred in refusing to give appellant's instructions, numbers five and seven.

*Samuel Hardwicke* and *Simrall & Sandusky* for respondent.

(1) The petition was sufficient; it alleged that the plaintiff owned certain land, describing it; that the defendant took certain rock from said land to be used in repairing its road-bed; it alleged the value of the rock so taken, and asked judgment for the amount. (2) Section 788, Revised Statutes, 1879, referred to by appellant, in its brief, has no application to this case, and a common law action was proper. In taking materials for the construction of a railroad, under said section, the corporation, "before entering on the land shall apply to a justice of the peace of the county for the appointment of three commissioners." The initiative is with the corporation, and if it fails to follow the statute, the injured party may resort to the usual common law remedy. Mills on Em. Domain, secs. 89, 90, p. 117 (1 Ed.), and cases cited; *Blesch v. Chicago R. R.*, 43 Wis. 183; *Atlantic R. R. v. Fuller*, 48 Ga. 423; *Hartz v. St. Paul R. R.*, 21 Minn. 358; *Anderson R. R. v. Kernodle*, 54 Ind. 314; *Kansas Pacific R. R. v. Streeter*, 8 Kan. 133; *Ewing v. St. Louis*, 5 Wall. 413. The law does not require the owner to move for a mandamus to compel the corporation to follow the statute. *Smith v. Chicago R. W.*, 67 Ill. 191; *Shepardson v. Milwaukee R. R.*, 6 Wis. 605. (3) The deed from Turnham to Wymore *et al.* conveyed an easement simply. (4) The record in the case of *Higbee, Adm'r, v. Giros*, created no estoppel. (5) The evidence shows the rock was taken by appellant and hence the question as to the proof of consolidation does not arise. (6) The plea of the statute of limitations is not sustained by the evidence.

DeArmond, C.—Action for the value of the rock alleged to have been taken from plaintiff's land by the St. Louis, Kansas City & Northern Railway Company and the defendant respectively.    The first count is for the rock taken by said St. Louis, Kansas City & Northern Railway Company, and judgment for seven hundred dollars is asked.    It is alleged that defendant was formed by the consolidation, in 1879, of the said St. Louis, Kansas City & Northern Railway Company with the Toledo, Wabash & Western Railway Company, and by such consolidation assumed and became responsible for the liabilities and indebtedness of said St. Louis, Kansas City & Northern Railway Company, and for said $700 worth of rock taken by it.    The other count was for rock taken by defendant, for which eight hundred dollars was asked.    The land from which the rock was alleged to have been taken is the one hundred and twelve-acre tract mentioned in the opinion in the other case, of same title (*ante*, p. 646), just decided.    Part of the rock came from the ten rod-wide strip, and part from other portions of the tract.    The answer was as in the other case.    There was a general verdict for Giros for one hundred and eighty-eight dollars, on which he had judgment.

There appears to have been no proof of the alleged consolidation or assumption of liabilities.    These averments were material, and necessary to be proved to support a recovery on the first count.    The evidence in the case, however, relates solely to the second count.    Giros, himself, testifying as a witness, said the rock he was suing for were taken about two or two and a half years ago.    It was in August, 1881, that he testified on the trial of the cause.    The testimony of Collins, a witness for defendant, tended to show that the defendant got the rock Giros claimed pay for.    So it seems that there was no evidence whatever touching the first count, and we must, therefore, regard it as informally abandoned.    The verdict should have specified the count upon which it

was based. *St. Louis v. Allen*, 53 Mo. 44 ; *Brownell v. Pacific R. R. Co.*, 47 Mo. 239. But, as the evidence all related to the second count, we must uphold the verdict as founded upon that count. All the other questions in the case are disposed of in the other case above referred to, and what is there said we need not repeat here.

The judgment should be affirmed. All concur.